18-2398-cr(L)
*United States v. Pettway (Washington)*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of August, two thousand twenty.

PRESENT:   DENNY CHIN,
                      SUSAN L. CARNEY,
                      STEVEN J. MENASHI,
                                *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                                *Appellee,*


             -v-                                                                18-2398-cr; 18-3316-cr

RAYSHOD WASHINGTON, AKA Shoddy,
KENNETH PETTWAY, JR., AKA KPJ,
                                *Defendants-Appellants,*

DEMETRIUS BLACK, DEE BLACK, TYRONE
BROWN, AKA Ty Boog, TARIQ BROWN, AKA
Reek, AKA Reek Havick Boog, AKA Tyriq Brown,
QUINTON THOMPSON, AKA Q, EDDIE ALLEN,
AKA Pow Pow, AKA Bundles, MONTELL JONES,
AKA Telly, RAYMEL WEEDEN, AKA Ray Deuce,

DERRICK RAMOS, AKA Little D,

                                    *Defendants*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                          Monica J. Richards, Assistant United
                                       States Attorney, *for* James P. Kennedy,
                                       Jr., United States Attorney for the
                                       Western District of New York, Buffalo,
                                       New York.

FOR DEFENDANT-APPELLANT                 Daniel M. Perez, Law Offices of
RAYSHOD WASHINGTON:                     Daniel M. Perez, Newton, New Jersey.


        Appeal from the United States District Court for the Western District of

New York (Skretny, *J.*).

        **UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court is **AFFIRMED**.

        Defendant-appellant Rayshod Washington appeals from the judgment of

the district court entered July 31, 2018, convicting him, following his guilty plea, of

conspiracy to racketeer, in violation of 18 U.S.C. § 1962(d).  Washington was sentenced

to 144 months' imprisonment and five years' supervised release.  On appeal, he

challenges a standard condition of his supervised release under which his probation

officer may require him to notify third parties that he poses a risk to them.  We assume

---

*        The Clerk of Court is respectfully requested to amend the official caption of this action to conform to the caption listed above.  We will resolve Pettway's appeal -- 18-3316-cr(CON) -- separately.  Accordingly, that case is severed from this appeal for disposition purposes.

-2-

the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Washington pleaded guilty on September 25, 2017 and was sentenced on July 25, 2018. As part of his sentence, the district court imposed several conditions of supervised release, among which was a condition that gave his probation officer the discretion to require Washington to notify third parties that he posed a risk to them. On January 25, 2019, we struck down an identical notification-of-risk provision. *See United States v. Boles*, 914 F.3d 95, 111-12 (2d Cir. 2019). In response, the Western District of New York ("W.D.N.Y.") issued a standing order that replaced all notification-of-risk conditions for defendants in the district with the following language:

> If the court determines in consultation with your probation officer that, based on your criminal record, personal history and characteristics, and the nature and circumstances of your offense, you pose a risk of committing further crimes against another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

*In re: United States v. Boles*, Amended Standing Order, (W.D.N.Y. Mar. 22, 2019), *available at* https://www.nywd.uscourts.gov/sites/nywd/files/PTPR-2019-AmendedBolesStandOrd.pdf.[1]

---

[1]     Over one month after the W.D.N.Y. issued its amended standing order, Washington filed his appellate brief, in which he argued that "[i]n light of *Boles*, the

Because the applicable notification-of-risk condition of supervised release contemplates only that Washington "may" be required to notify a third party about the risk he poses after he serves his 144-month sentence and he has not yet been required to do so, his challenge is unripe. *See United States v. Traficante*, No. 18-1962, 2020 WL 4032220, at *5 (2d Cir. July 17, 2020) ("And while it could be argued that the standing order contemplates vesting the probation officer with a degree of discretion that is inconsistent with our holding in *Boles*, such a challenge would . . . be unripe, since the ostensibly improper delegation may never actually occur.").  Accordingly, we decline to reach Washington's delegation challenge.

* * *

We have considered Washington's remaining arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

---

'risk' condition imposed upon [him] cannot be upheld."  Washington Br. at 17.  His brief does not address the amended standing order.